FILED
NOV - 1 2007
Nov. 1, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

JUDGE ZAGEL

| UNITED STATES OF AMERICA | ) | 07 CR 722 |
| --- | --- | --- |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, Section 1343 |
| DHARAM VIR | ) | |
| also known as "Dave Mago," | ) | |
| SATINDER SHARMA, | ) | MAGISTRATE JUDGE DENLOW |
| ARSHAD MASIH, and | ) | |
| RIFAT AJAZ | ) | |

### COUNT ONE

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At times material to this indictment:

   a. The Small Business Administration ("SBA") was an agency of the United States established by Congress, through the Small Business Act of 1953 (15 U.S.C. § 631, et seq.), to provide financial, technical and management assistance to qualified small businesses.

   b. The SBA "7(a) Loan Guaranty Program" of the Small Business Act, Title 15, United States Code, Section 635(a), authorized the SBA to provide financial assistance to eligible, credit-worthy start-up and existing small businesses through loan guarantees to participating lenders. SBA and participating lender guidelines generally require the loan applicant to be able to contribute a portion of the purchase price as a condition of the loan. The loan applicant's ability to make this "equity injection" is critical to the determination by SBA and its participating lenders of the loan applicant's credit

worthiness.

c.  Business Loan Express ("BLX") was the small business lending division of Business Loan Center, Inc. and BLC Capital Corporation, and was a private lender with offices in Washington D.C., Detroit, Michigan and New York, New York. BLX was a participating lender in the SBA's loan guaranty program.

d.  Defendant DHARAM VIR, also known as Dave Mago (hereinafter "MAGO"), owned and operated a corporation under the name of Capital Investment and Loans Corporation ("CILC"). CILC was incorporated in Illinois on or about December 26, 2000, and had a business address of 1 S. 280 Summit, Suite C4, Oakbrook, Illinois. MAGO's home address was 2111 Sisters Avenue, Naperville, Illinois 60005, and at times this address was used to conduct business for CILC. MAGO incorporated CILC primarily for the purpose of brokering small business loans guaranteed by the SBA for businesses seeking to purchase hotels and gas stations. As a broker of SBA guaranteed loans, CILC would receive a commission for each loan of between .1% and 1.75% from the lender after the loan had closed and been funded.

e.  Defendant SATINDER SHARMA and INDIVIDUAL A, were partners in a corporation under the name of M&D Hospitality, Inc. ("M&D"). Prior to November 2002, M&D owned and operated a hotel in Memphis, Tennessee called the Best Value Inn. Beginning in or around January 2002, Best Value Inn and, by extension, M&D were experiencing severe financial difficulties, including delinquent debts and possible

2

foreclosure.

f.    Prior to July 2002, INDIVIDUAL A owned and operated a corporation under the name TAJ Investments, Inc. ("TAJ"), an Illinois corporation. In or around October 2002, INDIVIDUAL A transferred ownership of TAJ to defendant SHARMA for the purpose of having TAJ purchase the Best Value Inn from M&D. Although it appeared on loan application documents that SHARMA was the sole owner of TAJ, SHARMA and INDIVIDUAL A were actually equal partners in the business and intended to share equally in the ownership of Best Value Inn after the transfer of ownership from M&D to TAJ.

g.    Defendants ARSHAD MASIH and RIFAT AJAZ were partners in a corporation under the name A.A. Bro, Inc. A.A. Bro, Inc. was an Illinois corporation since on or around January 25, 2002. MASIH, who resided in Moline, Illinois, was the President of A.A. Bro. Inc., and AJAZ, who resided in Philadelphia, Pennsylvania, was the Secretary. In or around March of 2002, MASIH and AJAZ began working with MAGO to obtain a SBA loan to finance the purchase of a business. MAGO eventually located a gas station in Chesterton, Indiana ("Chesterton Gas") for MASIH and AJAZ to purchase.

### General Scheme Allegations

2.    Beginning in or about January 2002 and continuing thereafter until at least in or about December 2002, in the Northern District of Illinois, Eastern Division and elsewhere,

>    DHARAM VIR, also known as Dave Mago,
>    SATINDER SHARMA,
>    ARSHAD MASIH, and
>    RIFAT AJAZ,

defendants herein, along with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme and artifice to defraud SBA and BLX, and to obtain money and property from SBA and BLX by means of materially false and fraudulent pretenses, representations, promises and omissions, in connection with loans guaranteed by SBA. This scheme is further described below.

3. It was part of the scheme that defendant MAGO and his co-schemers and agents would work with potential buyers interested in purchasing motels and gas stations who could not qualify for financing to purchase these properties.

4. It was further part of the scheme that defendants MAGO, SHARMA, MASIH and AJAZ, and their co-schemers and agents would and did cause fraudulent loan applications and supporting documentation to be submitted to lenders, including BLX and the SBA. Defendants submitted this false loan documentation to the lenders in support of buyers' applications for loans to purchase motels and gas stations to make it appear that these buyers were able to make the required capital contributions or down payments toward the purchase from their own funds and had more assets or financial net worth than actually existed.

5. It was further part of the scheme that defendants MAGO, SHARMA, MASIH and AJAZ, and their co-schemers and agents would and did cause the purchase of motels and gas stations at inflated prices. In purchase agreements, loan applications and supporting documentation, defendants inflated the purchase price (when a lower price had actually been

agreed upon between the buyer and the seller) to increase the amount of the loan from BLX and SBA. Defendants would then in some cases arrange for others to transfer funds in an amount equivalent to the excess loan proceeds to the buyer to be used in fulfilling the down payment or "equity injection" requirement of SBA.

6. It was further part of the scheme that in or around November 2002, defendants MAGO and SHARMA, and their co-schemers and agents did submit a fraudulent loan application and supporting documentation to BLX and the SBA in support of TAJ's loan application for an SBA guaranteed loan from BLX for the purchase of the Best Value Inn. Among the fraudulent materials submitted by defendants MAGO and SHARMA, and their co-schemers and agents, were falsified bank statements that purported to be for a bank account held by SHARMA which made it appear that SHARMA and TAJ had sufficient assets available for the necessary equity injection.

7. It was further part of the scheme that in or around November 2002, defendants MAGO, MASIH and AJAZ, and their co-schemers and agents did submit a fraudulent loan application and supporting documentation to BLX and the SBA in support of A.A. Bro's loan application for an SBA guaranteed loan from BLX for the purchase of Chesterton Gas. Among the fraudulent materials submitted by defendants MAGO, MASIH and AJAZ, and their co-schemers and agents, were falsified bank statements that purported to be for a bank account held by MASIH which made it appear that MASIH and A.A. Bro had sufficient assets available for the necessary equity injection.

8. It was further part of the scheme that, after the SBA guaranteed loans for TAJ and A.A. Bro closed and were funded by BLX, defendant MAGO received commission payments from BLX for brokering these fraudulent loans.

9. Throughout the course of the scheme, defendants MAGO, SHARMA, MASIH and AJAZ, and their co-schemers and agents did defraud SBA and BLX, and fraudulently obtained from these lenders more than $2,500,000.

10. It was further part of the scheme that defendants used the United States mail, commercial interstate couriers and the interstate wires to execute their scheme. For example, MAGO and/or his assistant, INDIVIDUAL B, would send copies of fraudulent bank statements to others by interstate facsimile. Loan proceeds were wire transferred in interstate commerce. Checks for commissions were delivered by commercial interstate carriers and United States mail.

11. It was further part of the scheme that defendants did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the purpose of those acts, beyond those acts of concealment set forth above.

12. On or about November 4, 2002, at Des Plaines, in the Northern District of Illinois, Eastern Division, and elsewhere,

> DHARAM VIR, also known as Dave Mago, and
> SATINDER SHARMA,

defendants herein, for the purpose of executing and attempting to execute the above-described scheme, did knowingly transmit or cause to be transmitted in interstate commerce

from Des Plaines, Illinois, to Washington, D.C., by means of wire and radio communications, certain writings, signs, and signals, namely: a facsimile transmission of purported bank statements for SATINDER SHARMA submitted to BLX as part of TAJ Investments, Inc.'s loan application;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 of Count One of this Indictment as though fully set forth herein.

2. On or about November 5, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

> DHARAM VIR, also known as Dave Mago, and
> SATINDER SHARMA,

defendants herein, along with others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted in interstate commerce from New York, New York to Chicago, Illinois, by means of wire and radio communications, certain writings, signs, and signals, namely: a wire transfer of approximately $1,333,000.00 from an account held by BLX at Fleet Bank in New York, New York, to an account at LaSalle National Bank in Chicago, Illinois held by Chicago Title and Trust Company, for the closing of TAJ's loan to purchase the Best Value Inn;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 of Count One of this Indictment as though fully set forth herein.

2. On or about November 11, 2002, at Oakbrook, in the Northern District of Illinois, Eastern Division,

> DHARAM VIR, also known as Dave Mago,
> ARSHAD MASIH, and
> RIFAT AJAZ,

defendants herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Oakbrook, Illinois to Washington D.C. by means of wire and radio communications, certain writings, signs, and signals, namely: a facsimile transmission of purported bank statements for Arshad MASIH that was sent from CILC in Oakbrook, Illinois to BLX in Washington, D.C. in support of the A.A. Bro, Inc. loan application;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 of Count One of this Indictment as though fully set forth herein.

2. On or about November 14, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

> DHARAM VIR, also known as Dave Mago,
> ARSHAD MASIH, and
> RIFAT AJAZ,

defendants herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Northfield, Illinois to Washington, D.C. by means of wire and radio communications, certain writings, signs, and signals, namely: a facsimile transmission containing executed loan documents for the closing of A.A. Bro, Inc.'s purchase of Chesterton Gas;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION ONE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.  The allegations in Counts One and Two of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  As a result of their violations of Title 18, United States Code, Section 1343, as alleged in Counts One and Two,

> DHARAM VIR, also known as Dave Mago, and
> SATINDER SHARMA,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property constituting, and derived from, proceeds he obtained directly and indirectly as the result of such violation.

3.  The interests and property of defendants MAGO and SHARMA subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), include all money and other property that was the subject of; constituted and was derived from the proceeds of; and was obtained, directly or indirectly as a result of those violations, including but not limited to approximately $1,333,000.00.

4.  If any of the forfeitable property described above, as a result of any act or omission by defendants MAGO and SHARMA:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461(c).

## FORFEITURE ALLEGATION TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.   The allegations in Counts Three and Four of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2.   As a result of their violations of Title 18, United States Code, Section 1343, as alleged in Counts Three and Four,

> DHARAM VIR, also known as Dave Mago,
> ARSHAD MASIH, and
> RIFAT AJAZ,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property constituting, and derived from, proceeds they obtained directly and indirectly as the result of such violation.

3.   The interests and property of defendants MAGO, MASIH and AJAZ subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), include all money and other property that was the subject of; constituted and was derived from the proceeds of; and was obtained, directly or indirectly as a result of those violations, including but not limited to approximately $1,240,000.

4.   If any of the forfeitable property described above, as a result of any act or omission by defendants MAGO, MASIH and AJAZ:

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

 All pursuant to Title 18, United States Code, Section 982(a)(2).

           A TRUE BILL:

           _____
           FOREPERSON

_____
UNITED STATES ATTORNEY